UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRANK ARANT,<br><br>                            Plaintiff,<br>      v.<br><br>JPMORGAN CHASE BANK, CHASE HOME FINANCE, LLC., EXPRESS CAPITAL LENDING, INC., EMC MORTGAGE LLC, NATIONAL DEFAULT SERVICING CORPORATION, SELECT PORTFOLIO SERVICING, INC., BLACK AND WHITE CORPORATIONS DOES 1-10,<br><br>                            Defendants. | Case No. 2:14-cv-0386-MMD-VCF<br><br>ORDER<br><br>(Def.'s Motion to Dismiss - dkt. no. 26) |

**I.   SUMMARY**

Before the Court is Defendants Select Portfolio Servicing Inc. ("SPS") and National Default Servicing Corporation's ("NDS") Motion to Dismiss ("Motion"). (Dkt. no. 26.) For the reasons discussed below, the Motion is granted.

**II.   BACKGROUND**

At the outset, the Court notes that Plaintiff's Complaint is unclear on much of the facts supporting his claims. The Court thus relies on the Motion to obtain the relevant background facts. From these sources, this case appears to involve Plaintiff's default on a loan and the corresponding foreclosure proceedings on a property in Clark County, Nevada, located at 8117 Chiltern Avenue in Las Vegas ("the Property").

To finance the purchase of the Property, Plaintiff executed a Deed of Trust and Note for $218,400.00. After a series of assignments, the Deed of Trust was recorded by JP Morgan Chase Bank, N.A. ("JPMorgan") on August 13, 2013. (Dkt. no. 26 at 3.)

The parties allude to the fact that Plaintiff defaulted on his loan and that non-judicial foreclosure proceedings were initiated. Again, the Court notes the scarcity of facts provided by the Complaint and by the parties.

## III.   LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Rule 8 notice pleading standard requires Plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted).

Federal civil pleading *is* notice pleading. *E.g., Starr v. Baca,* 652 F.3d 1202, 1212-16 (9th Cir. 2011). The notice pleading requirements of Rule 8(a) can be violated not

only "when a pleading says *too little*," but also "when a pleading says *too much*." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013), *cert. denied*, 135 S. Ct. 57 (Oct. 6, 2014); *see also McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

**IV.     DISCUSSION**

The Court concludes that the Complaint says far too much and does so unnecessarily. First, the Complaint is replete with generalized allegations of the transgressions committed by JPMorgan. (Dkt. no. 1 ¶¶ 21(a-r).) Plaintiff generally alleges that Defendants SPS and NDS are responsible for the misdeeds of JPMorgan; however, Plaintiff fails to provide any support for this contention, but rather offers the conclusory allegation that "[e]ach of the corporate defendants are agents of each other and are legally responsible for the acts of omissions of each other." (*Id.* ¶ 12.)

Moreover, even if the Court were to assume that SPS and NDS are agents of JPMorgan, Plaintiff fails to provide any factual support for what JPMorgan did with respect to his loan so as to impose liability upon these two entities. The Complaint is disjointed, confusing, and fails to provide any factual allegations that would support any plausible claims against Defendants SPS and NDS.

Accordingly, the Court concludes that the allegations made in Plaintiff's Complaint fail to satisfy the notice pleading requirements of Rule 8(a) and do not support claims against either Defendants. Plaintiff is granted leave to file an amended complaint that provides "a short and plain statement of the claim showing" Plaintiff "is entitled to relief." Fed. R. Civ. P. 8(a)(2).

**V.      CONCLUSION**

It is therefore ordered that Defendants' Motion to Dismiss (dkt. no. 26) is granted. It is further ordered that Plaintiff may file an amended complaint within twenty (20) days. Failure to file an amended complaint will result in dismissal of Plaintiff's claims ///

against Defendants SPS and NDS with prejudice. It is further ordered the Defendants' Motion for a Hearing or Ruling (dkt. no. 40) is denied as moot.

DATED THIS 22nd day of December 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE