UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FRANK ARANT,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>JPMORGAN CHASE BANK, N.A.; CHASE HOME FINANCE, LLC; EXPRESS CAPITAL LENDING, INC.; EMC MORTGAGE LLC; NATIONAL DEFAULT SERVICING CORPORATION; SELECT PORTFOLIO SERVICING, INC.; BLACK AND WHITE CORPORATIONS DOES 1-10<br><br>　　　　　　　　　　Defendants. | Case No. 2:14-cv-00386-MMD-VCF<br><br>ORDER<br><br>(Defs.' Motion to Dismiss - dkt. no. 48;<br>Pl.'s Motion for Settlement Conference –<br>dkt. no. 67) |

**I.　SUMMARY**

The Court previously dismissed Plaintiff's Complaint and granted him leave to amend, which he did. Defendants JP Morgan Chase Bank, N.A., on its own behalf and as successor by merger with Chase Home Finance LLC, and as transferee of servicing from EMC Mortgage LLC (collectively referred to as "JPMC"), now move to dismiss Plaintiff's Amended Complaint.[1] (Dkt. no. 48.) For the reasons discussed below, the Motion to Dismiss ("Motion") is granted.

---

[1] On February 9, 2015, Defendants Select Portfolio Servicing, Inc. and National Default Servicing Corporation filed a joinder to Motion. (Dkt. no. 51.)

## II. BACKGROUND

This case arises from foreclosure proceedings.[2] To finance the purchase of the property located at 8117 Chiltern Avenue in Las Vegas, Nevada, Plaintiff executed a Deed of Trust ("DOT") and Note for $218,400.00 on November 21, 2006. After a series of assignments, the DOT was recorded by JPMC on August 13, 2013. (Dkt. no. 48 at 3 n.4). Plaintiff purportedly defaulted, which led to the initiation of non-judicial foreclosure proceedings. In an effort to prevent foreclosure, Plaintiff elected to pursue mediation through the Nevada Foreclosure Mediation Program. (*Id.* at 3.) The parties were unable to agree to a loan modification, despite participating in mediation in February 2012. (*Id.*) On March 14, 2014, Plaintiff filed this action.

## III. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Rule 8 notice pleading standard requires Plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most

///

---

[2] The Court previously dismissed Plaintiff's Complaint for failure to satisfy Fed. R. Civ. P. 8's pleading requirements. (Dkt. no. 46.) However, Plaintiff's Amended Complaint is again unclear on much of the relevant facts and thus, the Court has to rely on the Motion to obtain relevant background facts.

favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than a mere possibility of misconduct, the complaint has "alleged — but it has not shown — that the pleader is entitled to relief." *Id.* at 679 (alterations and internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

**IV.   DISCUSSION**

The Amended Complaint asserts three causes of action under federal law and a number of state law claims. The Court will address the federal claims first.

///

///


### A. Fair Debt Collection Practices Act ("FDCPA")

Plaintiff alleges that Defendants violated unspecified provisions of the FDCPA. Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA requires and prohibits certain activities by debt collectors that are done "in connection with the collection of any debt." 15 U.S.C. § 1692c (prohibiting certain communications); *see also* 15 U.S.C. §§ 1692d (prohibiting harassment or abuse), 1692e (prohibiting false or misleading representations), 1692f (prohibiting unfair practices), 1692g (requiring validation of debts). The FDCPA subjects a debt collector to civil liability for failure to comply with any of its provisions. *See* 15 U.S.C. 1692k(a).

"Although the Ninth Circuit has not addressed whether foreclosure proceedings constitute debt collection within the ambit of the FDCPA, courts in this Circuit have regularly held that [activities connected with] nonjudicial foreclosure [are] not debt collection." *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1136 (N.D. Cal. 2013); *see, e.g.*, *Allgood v. W. Asset Mgmt., Inc.*, No. 2:12-cv-02094-APG, 2013 WL 6234691, at *6 (D. Nev. Dec. 2, 2013) (holding that "an entity is not a 'debt collector' if its activities were connected to a nonjudicial foreclosure"); *Gillespie v. Countrywide Bank FSB*, No. 3:09-cv-556-JCM, 2011 WL 3652603 at *2 (D. Nev. Aug. 19, 2011) (stating without elaboration that "activities undertaken in connection with a nonjudicial foreclosure do not constitute debt collection under the FDCPA."); *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) ("Foreclosing on a trust deed is distinct from the collection of the obligation to pay money."). Plaintiff's claim arises out of a non-judicial foreclosure and thus falls outside of the scope of the FDCPA. As this defect cannot be cured by amendment, the Court will dismiss this claim with prejudice.

///

///

B.     Truth in Lending Act ("TILA")

Plaintiff's TILA claim is based on the alleged failure to "disclose the actual annual percentage rate of the cost of the credit or the consequences of accelerated payments as required by TILA." (Dkt. no. 47 ¶ 42.) Plaintiff seeks monetary damages. (*Id.* ¶ 43.) Any claim for damages arising under the TILA is limited by a one-year statute of limitations. 15 U.S.C. § 1640(e). The statute of limitations period begins upon execution of the contract because plaintiffs possess all information relevant to the discovery of any non-disclosures at the time the loan documents are signed. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) (explaining that the limitations period runs from the date of the transaction); *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003).

Here, Plaintiff's loan was originated on December 13, 2006. (Dkt. no. 47 ¶ 16.) The one-year statute of limitations under TILA thus commenced as of that date. *See King*, 784 F.2d at 915. Plaintiff filed this lawsuit in March 2014, which is long past the expiration of the one-year statute of limitations. Thus, unless equitable tolling applies, Plaintiff's claim would be untimely.

The Ninth Circuit has held that equitable tolling of claims for damages under TILA may be appropriate "in certain circumstances," and can operate to "suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King*, 784 F.2d at 914-15. District courts have discretion to evaluate specific claims of fraudulent concealment and equitable tolling and to "adjust the limitations period accordingly." *Id.* at 915. "Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it is not generally amenable to resolution on a Rule 12(b)(6) motion." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (citation and internal quotation marks omitted). When, however, a plaintiff fails to allege any facts demonstrating that he or she could not have discovered the alleged violations by exercising due diligence, dismissal may be appropriate. *See Meyer*, 342 F.3d at 902-03 (refusing to toll statute of limitations on TILA claim because plaintiff was in full

possession of all loan documents and did not allege any concealment of loan documents or other action that would have prevented discovery of the alleged TILA violations).

Here, Plaintiff has not alleged any facts to permit the Court to equitably toll the statute of limitations, save for a bare reference to a "13 billion dollar settlement with the Federal Government in November of 2013, which, Plaintiff is informed and believes, includes the Plaintiff's loan." (Dkt. no. 47 ¶ 42.) This conclusory and confusing allegation is insufficient to justify tolling Plaintiff's TILA claim. *See Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1045-46 (9th Cir.2011) (declining to equitably toll statute of limitations where plaintiffs failed to allege "circumstances beyond their control" that prevented them from appreciating any alleged violation). Plaintiff's TILA claim is therefore time barred and subject to dismissal.

### C.   Real Estate Settlement Procedures Act ("RESPA")

Plaintiff also alleges a violation of RESPA, 12 U.S.C. § 2601 *et seq.*, related to unspecified "requests for documents." (Dkt. no. 47 ¶ 45.)

Section 2605(e) governs the "[d]uty of [a] loan servicer to respond to borrower inquiries." 12 U.S.C. § 2605(e). Generally, "[i]f any servicer of a federally related mortgage loan receives a qualified written request . . . for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days . . . unless the action requested is taken within such period." § 2605(e)(1)(A). A "qualified written request" is:

> a written correspondence . . . that . . . includes, or otherwise enables the servicer to identify, the name and account of the borrower; and . . . includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

§ 2605(e)(1)(B), (B)(i)-(ii).

Plaintiff offers scant allegations to support his RESPA claim. Plaintiff seems to allege that his "legitimate requests for documents and other information concerning his loan" (dkt. no. 47 ¶ 45) constitute a "qualified written request" under RESPA. *See* § 2605(e)(1)(B). Under similar circumstances, Nevada district courts have dismissed

6

RESPA claims for precisely this factual defect. *See, e.g.*, *Coleman v. Am. Home Mortg. Servicing, Inc.*, No. 2:11–cv–178–GMN, 2011 WL 6131309, at *4 (D. Nev. Dec. 8, 2011). Further, Plaintiff does not allege that he suffered pecuniary loss — only unspecified "emotional damages," (dkt. no. 47 ¶ 47) — arising out of an alleged failure to respond to his letter, as required by RESPA. *See Moon v. Countrywide Home Loans, Inc.*, No. 3:09-cv-00298-ECR, 2010 WL 522753, at *5 (D. Nev. Feb. 9, 2010). Plaintiff thus fails to state a claim under RESPA.

### D. STATE LAW CLAIMS

Plaintiff also alleges state law claims for intentional infliction of emotional distress, negligent infliction of emotional distress, breach of the covenant of good faith and fair dealing, invasion of privacy, and quiet title. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a court may decline to exercise supplemental jurisdiction over a plaintiff's remaining state law claims if it "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). This decision is "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).

Because the claims over which the Court has original jurisdiction have been dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

### V. CONCLUSION

It is therefore ordered that Defendants' Motion to Dismiss (dkt. no. 48) is granted.

It is further ordered that Plaintiff's Motion for Settlement Conference (dkt. no. 67) is denied as moot.

///

///

7

The Clerk is directed to enter judgment in favor of Defendants and close this case.

DATED THIS 13th day of July 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE